***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Rowell. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Rowell with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the North Carolina Industrial Commission and the North Carolina Industrial Commission has jurisdiction of the parties and subject matter.
2. All parties have been correctly designated and there is no question as to misjoinder or non-joinder of parties.
3. Plaintiff's average weekly wage was $892.84.
4. The parties stipulate to all Industrial Commission pleadings.
5. The parties contend that the issue for consideration at the hearing is whether plaintiff sustained an injury by accident or repetitive motion, arising out of and in the course and scope of his employment with GA Masonry Corporation.
6. The parties stipulate into evidence as Stipulated Exhibit # 1, the Pre-trial Agreement.
7. The parties stipulate into evidence as Stipulated Exhibit # 2, notebook of documentation, as shown on table of contents.
8. The parties stipulate into evidence as Stipulated Exhibit # 3, plaintiff's statement.
9. The parties stipulate into evidence as Stipulated Exhibit # 4, an accident statement.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was 37 years old. He had worked for defendant-employer GA Masonry for five years working six days a week, on average spending between 80 to 90% of his time constructing multi-story scaffolding systems. Occasionally he mixed mortar, set capstones and cleaned or scraped brick and block.
2. Plaintiff constructed two types of scaffolding, crank-up and six-six. Constructing the scaffolding involved repetitive, strenuous work at or above shoulder level requiring plaintiff to handle and distribute 16' planks to set them in place to form level platforms up the face of buildings, climb up ladder-like tiers of the scaffold frames, and crank up and down the platforms made of 16' planks together with walk boards and leftover block a distance of as much as 36' at a time.
3. On Friday, September 26, 2003 plaintiff was loading 16' planks onto the tines of a forklift, and felt a "pull" in his right shoulder. When his condition worsened he reported it to his employer the following Monday, September 29, 2003. His employer referred him to Dr. Meltzer who initially diagnosed a torn rotator cuff. Dr. Meltzer placed plaintiff on limited duty, prescribed a course of physical therapy, ordered an MRI of plaintiff's right shoulder and referred him to an orthopedic surgeon, Dr. Douglas McFarlane.
4. At the time of plaintiff's injury he was a healthy and well-muscled individual with no prior problems with this right shoulder.
5. Plaintiff's MRI indicated that he suffered from an impingement of tendon in his right shoulder. This type of condition occurs particularly when an arm is brought up or above shoulder height. It can also occur through a single acute injury however, it more commonly occurs in those who do strenuous or repetitive work by constant use of arms or shoulders, most often at or above shoulder height. It commonly develops over time unnoticed and commonly presents because of the cumulative effect. This condition can present itself when a patient overstrains himself one day and the next morning is in agony.
6. Plaintiff has shown by the greater weight of the competent and credible expert medical evidence that his job duties were a significant contributing factor to his right shoulder tendon impingement syndrome. Dr. McFarlane was presented with sufficient factual information concerning plaintiff's job duties to render competent, convincing, and credible opinion with respect to causation and risk.
7. In Dr. McFarlane's opinion, plaintiff suffered from an impingement in his right shoulder which was caused because his work involved strenuous and repetitive work specifically at or above shoulder height and a lot of overhead work. According to Dr. McFarlane, the nature of plaintiff's job made him more susceptible to and at an increased risk for this condition than the general public.
8. Plaintiff's testimony is credible and convincing as to the repetitive and strenuous use of his arms at or above shoulder level.
9. Plaintiff's strenuous, repetitive overhead work caused his injuries.
10. Plaintiff was placed at a greater or increased risk for developing a tendon impingement syndrome of his shoulders and/or similar repetitive motion disorders, including impingement syndrome, than members of the general population who do not work in jobs such as his.
11. Based upon the competent and credible medical expert testimony, testimony of plaintiff's supervisor, as well as the other evidence in the record, plaintiff's employment with the Defendant-Employer significantly contributed to, significantly aggravated, or otherwise significantly caused plaintiff's tendon impingement syndrome.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The plaintiff contracted a compensable occupational disease to his right shoulder from repetitive use, which was caused or aggravated by his employment with defendant-employer, which employment placed plaintiff at an increased risk of developing his right shoulder occupational disease. N.C. Gen. Stat. § 97-53(13).
2. As a result of said occupational disease, plaintiff is entitled to receive temporary total disability compensation at the rate of $595.25 per week until plaintiff returns to work or until further Order of the Industrial Commission. N.C. Gen. Stat. § 97-29.
3. Plaintiff is further entitled to all medical treatment as may be reasonably necessary to affect a cure, give relief, or lessen plaintiff's period of disability, as well as reimbursement for all travel expenses incurred to receive medical treatment. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Defendants shall pay to plaintiff, subject to attorney's fees approved herein, temporary total disability compensation at the rate of $595.25 per week until plaintiff returns to work or until further Order of the Industrial Commission.
2. Defendants shall continue to provide payment of expenses for medical treatment for plaintiff's compensable injuries, for so long as said treatment is designed to effect a cure, provide relief and/or lessen his period of disability. Further, defendants shall reimburse plaintiff for travel expenses incurred for treatment related to the compensable injury.
3. A reasonable attorney's fee in the amount of twenty-five percent (25%) of the sums due plaintiff in Paragraph 1 of this AWARD is approved for plaintiff's counsel and shall be paid as follows: Defendants shall pay plaintiff's counsel one-fourth of the amount accrued, and thereafter shall pay directly to plaintiff's counsel every fourth check due plaintiff.
4. Defendants shall pay the costs.
This the 3th day of October, 2005.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER